HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROSEMERE NEIGHBORHOOD
ASSOCIATION, COLUMBIA
RIVERKEEPER, and NORTHWEST
ENVIRONMENTAL DEFENSE
CENTER,

            Plaintiffs,

        v.

CLARK COUNTY, TOM MIELKE, in
his capacity as Clark County
Commissioner, MARC BOLDT, in his
capacity as Clark County Commissioner,
STEVE STUART, in his capacity as Clark
County Commissioner, and BILL
BARRON, in his capacity as Clark
County Administrator,

            Defendants.

CASE NO. C11-5213-RBL

ORDER REQUESTING
ADDITIONAL BRIEFING ON
LIMITED ISSUES

(Dkt. #16)

THIS MATTER is before the Court on Plaintiff Rosemere Neighborhood Association's[1] Motion for Partial Summary Judgment (Dkt. #16).  The Motion seeks a ruling as a matter of law that Clark County is violating the Clean Water Act by failing to comply with its Phase 1 NPDES Permit.  Clark County asks the Court to deny the Motion, arguing that this matter is not justiciable.  It also argues that its stormwater system complies with the modified permit, which it claims is still valid.

Prior to Rosemere's citizen suit, the Washington Pollution Control Hearings Board determined that Clark County's Permit Modification was "invalid."  While the PCHB's decision was on appeal to the Washington Court of Appeals, Rosemere brought this suit to enforce the Phase 1 Permit.  This Court stayed Rosemere's Motion for Partial Summary Judgment pending the Court of Appeals' decision.  During the stay, Ecology reissued the Phase 1 Permit.  The Court of Appeals affirmed the PCHB's decision, and this Court lifted the stay and re-noted Rosemere's Motion.

The operative permit is now Ecology's 2012 Phase I Permit, which was issued after the briefing on this Motion was complete.  It appears to the Court that many of the issues raised in the briefing are mooted, or at least impacted, by this new permit.  For example, the County curiously argues that the PCHB's reversal of its Agreed Order and Permit Modification has no practical effect on its ability to continue operating under the authority of these documents.  This claim appears to be made moot by the issuance of a new Permit, which presumably does not include the terms of either the Agreed Order or the Permit Modification.  Furthermore, the County's appeal of the PCHB's (allegedly meaningless) decision has ended.  Accordingly, the

---

[1] Columbia Riverkeeper and Northwest Environmental Defense Center are also Plaintiffs.  For convenience, all are referenced as "Rosemere" in this Order.

Court asks the parties to submit additional briefing on the impact of the 2012 Phase 1 Permit on the claims and defenses in this action.

## I.   BACKGROUND

Under the Clean Water Act, Clark County must operate a stormwater system that complies with a National Pollutant Discharge Elimination System (NPDES) permit.  Along with other large local governments in Washington, Clark County is regulated as a Phase 1 permittee.

In January 2007, the Washington Department of Ecology issued a Phase 1 Permit that applied to Clark County.  Two years later, Clark County adopted a stormwater flow control ordinance that violated the Phase 1 Permit.  In January 2010, Clark County and Ecology entered into an Agreed Order "to bring the County into compliance with . . . the Phase 1 Permit."  PCHB Decision at 5–6, Brimmer Decl., Ex. A.  Ecology then modified the Phase 1 Permit to include the provisions of the Agreed Order for Clark County.

Rosemere appealed Clark County's Agreed Order and Permit Modification to the Washington Pollution Control Hearings Board.  After a multi-day hearing, the PCHB determined that the Agreed Order was "unlawful" and the Permit Modification was "invalid."  PCHB Order at 1–2, Brimmer Decl., Ex. B.  Accordingly, PCHB reversed and remanded the matter to Ecology for further action.

Clark County appealed the PCHB's rulings, and the Washington Court of Appeals accepted direct review.

While the PCHB's order was on appeal, Rosemere brought this citizen suit to enforce the Phase 1 Permit.  Rosemere moved for partial summary judgment, arguing that Clark County is violating the Clean Water Act by not complying with the Phase 1 Permit.  Clark County

1   responded that this matter is not justiciable, and that the County is complying with the Agreed

2   Order and Permit Modification, which are still valid.

3        On December 28, 2011, this Court stayed Rosemere's Motion pending the Court of

4   Appeals' decision.  Order, Dkt. #36.  It also enjoined Clark County from issuing any permit or

5   authorization that fails to meet the Phase 1 Permit's flow control standards.  *Id.*

6        On August 1, 2012, Ecology reissued the Phase 1 Permit, with limited changes.[2]

7   Presumably the 2012 Phase 1 Permit does not include the terms of either the Agreed Order or the

8   Permit Modification.  A month later, the Court of Appeals affirmed the PCHB's decision, ruling

9   in Rosemere's favor on all issues.  *Rosemere Neighborhood Ass'n v. Clark County*, 290 P.3d 142

10  (Wash. App. Ct. 2012).  This Court lifted the stay and re-noted Rosemere's Motion for Partial

11  Summary Judgment.  Shortly thereafter, the Washington Supreme Court denied Clark County's

12  petition for review.  *Rosemere Neighborhood Ass'n v. Clark County*, 297 P.3d 708 (Wash. 2013).

13       Because Ecology reissued the Phase 1 Permit in 2012—after the parties filed their briefs

14  in this matter—the Court asks the parties to submit additional briefing on the 2012 Phase 1

15  Permit's impact on Rosemere's claims and Motion.  In the meantime, the Court can dispose of

16  some of the arguments, and will do so here.

17                              **II.    DISCUSSION**

18       **A.  Summary Judgment Standard.**

19       Summary judgment is appropriate when, viewing the facts in the light most favorable to

20  the nonmoving party, there is no genuine issue of material fact which would preclude summary

21  judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to

22  summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to

23  _____

24       [2] All NPDES permits must be renewed no less than once every five years.  33 U.S.C. § 1342(b)(1)(B).

4

1    interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for

2    trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of

3    evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v.*

4    *Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not

5    affect the outcome of the suit are irrelevant to the consideration of a motion for summary

6    judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words,

7    "summary judgment should be granted where the nonmoving party fails to offer evidence from

8    which a reasonable [fact finder] could return a [decision] in its favor."  *Triton Energy*, 68 F.3d at

9    1221.

10    **B.  Clark County's Justiciability Argument is Moot.**

11    In its response brief to Rosemere's Motion, Clark County argues that this matter is not

12    justiciable in light of the pending Court of Appeals decision.  Def.'s Resp., Dkt. #26 at 21.  Since

13    then, the Court of Appeals affirmed the PCHB's decision and the Washington Supreme Court

14    denied review.  *Rosemere Neighborhood Ass'n v. Clark County*, 290 P.3d 142 (Wash. App. Ct.

15    2012), *review denied*, 297 P.3d 708 (Wash. 2013).  Clark County's justiciability argument is

16    moot and is not a basis for denying Rosemere's Motion.

17    **C.  The Agreed Order and the Permit Modification are Not Valid.**

18    Despite the PCHB's clear holding to the contrary, Clark County argues that the Agreed

19    Order and Permit Modification remain valid, because Ecology has taken no further action.

20    Def.'s Resp., Dkt. #26 at 16.  Clark County emphasizes that the Agreed Order was not *vacated*; it

21    was instead *reversed and remanded*—as though this distinction meant that it could, despite the

22    reversal, continue to operate under the parameters of the Agreed Order and Permit Modification

23    without violating the Clean Water Act.  *Id.*

24

Clark County's argument makes no sense.  Although the PCHB remanded the matter to Ecology for further action consistent with its order, the PCHB explicitly stated that the Agreed Order was "unlawful" and the Permit Modification was "invalid."  PCHB Order at 1–2, Brimmer Decl., Ex. B.  Following the PCHB's decision, Ecology even declared on its website that "Clark County's Flow Control Mitigation Program is no longer . . . applicable."  Brimmer Decl., Ex. E at 2.  The Agreed Order and Permit Modification are simply not valid, and the claim that that conclusion has no practical effect is spurious.  Clark County's alleged compliance with the Agreed Order and Permit Modification is not a defense to Rosemere's Motion.

Futhermore, and in any event, Ecology has taken further action since the PCHB's decision—Ecology reissued the Phase 1 Permit (with "limited changes") in 2012.  The parties have not addressed the impact of the 2012 Phase 1 Permit on Rosemere's claims or the County's defenses on the core Clean Water Act violation claim in this case.

### D.  The Court Requests Additional Briefing on Limited Issues.

Because the parties have not yet addressed the impact of the 2012 Phase 1 Permit, and in light of the Court's rejection of two of the County's defenses (above), the Court asks the parties to submit additional briefing on the following issues:

- How does the 2012 Phase 1 Permit affect Rosemere's claims, Clark County's defenses in this action, and Rosemere's pending motion?

- What are the parties' current contentions about Clark County's compliance with the 2012 Phase 1 Permit?

- Even if Clark County is currently complying with the 2012 Phase 1 Permit, what is the effect of previous non-compliance on Rosemere's claims and motion?

1         The parties should file short briefs (no more than 6–8 pages) addressing these issues by

2    May 28, 2013.

3         IT IS SO ORDERED.

4         Dated this 15th day of May, 2013.

5

6                        _____

7                        RONALD B. LEIGHTON
                      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24