HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROSEMERE NEIGHBORHOOD ASSOCIATION, COLUMBIA RIVERKEEPER, and NORTHWEST ENVIRONMENTAL DEFENSE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, TOM MIELKE, in his capacity as Clark County Commissioner, MARC BOLDT, in his capacity as Clark County Commissioner, STEVE STUART, in his capacity as Clark County Commissioner, and BILL BARRON, in his capacity as Clark County Administrator,<br><br>Defendants. | CASE NO. C11-5213-RBL<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(Dkt. #16) |

THIS MATTER is before the Court on Plaintiff Rosemere Neighborhood Association's[1] Motion for Partial Summary Judgment (Dkt. #16). The Motion seeks a ruling as a matter of law that Clark County is violating the Clean Water Act by failing to comply with its Phase 1 NPDES

---

[1] Columbia Riverkeeper and Northwest Environmental Defense Center are also Plaintiffs. For convenience, all are referenced as "Rosemere" in this Order.

1

1  Permit.  Clark County asks the Court to deny the Motion, arguing that it has been complying

2  with the Phase 1 Permit since this Court issued an injunction.

3        Prior to Rosemere's citizen suit, the Washington Pollution Control Hearings Board

4  determined that Clark County's Permit Modification was "invalid."  While the PCHB's decision

5  was on appeal to the Washington Court of Appeals, Rosemere brought this suit to enforce the

6  2007 Phase 1 Permit.  This Court stayed Rosemere's Motion for Partial Summary Judgment

7  pending the Court of Appeals' decision.  It also enjoined Clark County from issuing any permit

8  or authorization that fails to meet the Phase 1 Permit's standards.  During the stay, Ecology

9  reissued the Phase 1 Permit in 2012.  The Court of Appeals affirmed the PCHB's decision, and

10 this Court lifted the stay and re-noted Rosemere's Motion.

11       The operative permit is now Ecology's 2012 Phase I Permit.  The 2012 Permit, however,

12 does not change Clark County's obligations under the Clean Water Act.

13       Rosemere's Motion for Partial Summary Judgment is GRANTED as to Clark County's

14 liability from August 17, 2008 and December 28, 2011.  Rosemere's Motion is DENIED without

15 prejudice as to Clark County's liability since December 28, 2011.

16       **I.    BACKGROUND**

17       Under the Clean Water Act, Clark County must operate a stormwater system that

18 complies with a National Pollutant Discharge Elimination System (NPDES) permit.  Along with

19 other large local governments in Washington, Clark County is regulated as a Phase 1 permittee.

20       In January 2007, the Washington Department of Ecology issued a Phase 1 Permit that

21 applied to Clark County.  The Phase 1 Permit required Clark County to adopt the default

22 stormwater flow control standard (or an approved alternative) by August 16, 2008.  Clark County

23 did not meet that deadline.

24

1    Five months after the deadline, Clark County adopted a stormwater flow control
2  ordinance that violated the Phase 1 Permit. In January 2010, Clark County and Ecology entered
3  into an Agreed Order "to bring the County into compliance with . . . the Phase 1 Permit." PCHB
4  Decision at 5–6, Brimmer Decl., Ex. A, Dkt. #22. Ecology then modified the Phase 1 Permit to
5  include the provisions of the Agreed Order for Clark County.

6    Rosemere appealed Clark County's Agreed Order and Permit Modification to the
7  Washington Pollution Control Hearings Board. After a multi-day hearing, the PCHB determined
8  that the Agreed Order was "unlawful" and the Permit Modification was "invalid." PCHB Order
9  at 1–2, Brimmer Decl., Ex. B, Dkt. #22. Accordingly, PCHB reversed and remanded the matter
10 to Ecology for further action.

11   Clark County appealed the PCHB's decision, and the Washington Court of Appeals
12 accepted direct review.

13   While the PCHB's Order was on appeal, Rosemere brought this citizen suit to enforce the
14 2007 Phase 1 Permit. Rosemere moved for partial summary judgment, arguing that Clark
15 County is violating the Clean Water Act by not complying with the Phase 1 Permit. Clark
16 County argued that it was complying with the Permit Modification, which was still valid.

17   On December 28, 2011, this Court stayed Rosemere's Motion, pending the Court of
18 Appeals' decision on the PCHB's Order. Order, Dkt. #36. It also enjoined Clark County from
19 issuing any permit or authorization that failed to meet the 2007 Phase 1 Permit's flow control
20 standards. *Id.*

On August 1, 2012, Ecology reissued the Phase 1 Permit.[2] Currently, the 2012 Phase 1 Permit governs Clark County. The 2012 Permit, however, does not change Clark County's stormwater flow control obligations under the Clean Water Act.

A month later, the Court of Appeals affirmed the PCHB's decision, ruling in Rosemere's favor on all issues. *Rosemere Neighborhood Ass'n v. Clark County*, 290 P.3d 142 (Wash. App. Ct. 2012). This Court lifted the stay and re-noted Rosemere's Motion for Partial Summary Judgment. Shortly thereafter, the Washington Supreme Court denied Clark County's petition for review. *Rosemere Neighborhood Ass'n v. Clark County*, 297 P.3d 708 (Wash. 2013).

In light of these developments, this Court asked the parties to submit additional briefing on the impact of the 2012 Phase 1 Permit on the claims and defenses in this action. Order, Dkt. #65. It also determined that Clark County's alleged compliance with the invalid Permit Modification was not a defense to Rosemere's Motion. *Id.*

In its supplemental brief, Rosemere argues that Clark County has been violating the Phase 1 Permit since August 17, 2008 and remains in violation today because its flow control ordinance still violates the Permit. Pl.'s Supplemental Br., Dkt. #66 at 4. Rosemere also argues that even if Clark County is complying with the 2012 Permit, it is nevertheless liable for violating the 2007 Phase 1 Permit from August 17, 2008 until December 28, 2012. *Id.* at 7. Clark County argues that it has been complying with the Phase 1 Permit since this Court issued an injunction on December 28, 2011. Def.'s Supplemental Br., Dkt. #69 at 5.

---

[2] All NPDES permits must be renewed no less than once every five years. 33 U.S.C. § 1342(b)(1)(B). The 2012 Phase 1 Permit is a one-year renewal of the 2007 Phase 1 Permit. After the 2012 Phase 1 Permit expires on July 31, 2013, the 2013–2018 Phase 1 Permit will become effective. The 2013 Permit also does not change Clark County's stormwater flow control obligations. Every Phase 1 county permittee in Washington has appealed the 2013 Phase 1 Permit to the PCHB. PCHB No. 12-093c.

## II. DISCUSSION

**A. Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1221.

**B. Rosemere's Motion is Granted in Part and Denied in Part.**

    **1. Clark County's Liability from August 17, 2008 until December 28, 2011.**

Rosemere argues that Clark County is liable for violating the 2007 Phase 1 Permit between August 17, 2008 and December 28, 2011. Pl.'s Supplemental Br., Dkt. #66 at 5.

Even viewed in the light most favorable to Clark County, the evidence supports no conclusion other than Clark County is liable for violating the 2007 Phase 1 Permit during this time period. The 2007 Phase 1 Permit required Clark County to adopt the default stormwater flow control standard or an approved alternative by August 16, 2008. Clark County, however,

1  failed to adopt a flow control ordinance that complied with the Permit. On December 28, 2011,
2  this Court enjoined Clark County from issuing any permit or authorization that fails to meet the
3  Phase 1 Permit's flow control standards. Prior to the injunction, Clark County authorized
4  numerous development projects that should have been subject to the Permit's flow control
5  requirements, but were not. Brimmer Decl., Ex. G–H, Dkt. #22. As a matter of law, Clark
6  County is liable for violating the 2007 Phase 1 Permit from August 17, 2008 until December 28,
7  2011. Rosemere's Motion on this point is GRANTED.

**2.  Clark County's Liability Since December 28, 2011.**

Rosemere also argues that Clark County has been violating the Phase 1 Permit since December 28, 2011, and remains in violation today because its flow control ordinance still violates the Permit. Pl.'s Supplemental Br., Dkt. #66 at 4. Clark County argues that it has been complying with the Phase 1 Permit since this Court issued an injunction on December 28, 2011. Def.'s Supplemental Br., Dkt. #69 at 5.

It cannot be said as a matter of law that Clark County has been in violation of the 2007 Phase 1 Permit since December 28, 2011. Clark County has not yet amended its flow control ordinance to adopt the Permit's default standard. It has, however, asked Ecology for guidance. There is also evidence that Clark County has been complying with this Court's injunction. On the day of the injunction, the Clark County Prosecutor's Office placed a hold on development approvals, authorizations, and permits. Cook Decl., Ex. B, Dkt. #70. A month later, Community Development Director Martin Snell posted a "Guidance on Issuing Permits and Authorizations" on Clark County's website. Cook Decl., Ex. F, Dkt. #70. The Guidance requires that applications for authorizations, approvals, or permits for development comply with the default

1  flow control standard unless they have already been found to comply with stormwater control
2  requirements. *Id.*

3  Furthermore, it cannot be said as a matter of law that Clark County is violating the 2012
4  Phase 1 Permit or will violate the 2013 Phase 1 Permit. Rosemere moved for partial summary
5  judgment almost two years ago. Since then, this Court issued an injunction and Ecology issued
6  the 2012 Phase 1 Permit, which will soon be replaced by the 2013 Phase 1 Permit. The record
7  (which was developed two years ago) does not support the conclusion urged by Rosemere that
8  Clark County is violating the 2012 Permit, or that it will violate the 2013 Permit once it becomes
9  effective. Accordingly, the Court cannot rule as a matter of law that Clark County is liable for
10 violating the 2012 Phase 1 Permit or will violate the 2013 Permit.

11 Rosemere's Motion on this point is DENIED without prejudice. In the meantime, this
12 Court's injunction will remain in place, pending the 2013 Phase 1 Permit.

### III.   CONCLUSION

14 Even viewed in the light most favorable to Clark County, the evidence establishes that
15 the County was violating the 2007 Phase 1 Permit between August 17, 2008 and December 28,
16 2011. Rosemere's Motion is GRANTED as to Clark County's liability during this time period.
17 It cannot be said as a matter of law, however, that Clark County has violated the Phase 1 Permit
18 since December 28, 2011. Rosemere's Motion is DENIED WITHOUT PREJUDICE as to Clark
19 County's liability since December 28, 2011.

20 IT IS SO ORDERED. DATED this 6th day of June, 2013

                                            /s/ Ronald B. Leighton
                                            Ronald B. Leighton
                                            United States District Judge